UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CIS COMMUNICATIONS, LLC, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:19-cv-00389-JAR |
| REPUBLIC SERVICES, INC., et al., | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion for Consolidation. (Doc. 15.) Defendants seek to consolidate *Pietoso, Inc. v. Republic Services, Inc.*, No. 4:19-cv-00397-RLW (hereinafter "*Pietoso*"), with this case before the undersigned. (*Id.*) Plaintiff CIS Communications Inc. ("CIS") opposes the motion. (Doc. 18.)

### Background

CIS filed this case on March 1, 2019, arguing that Defendants had unilaterally increased their fees for waste removal services in violation of its contract with CIS. (Doc. 1.) CIS asserted claims of breach of contract and declaratory judgment and sought to represent a class defined as:

> All persons and entities in the United States that, pursuant to a Service Agreement or substantially similar contract with Republic or a subsidiary or affiliate, paid a flat fee for waste disposal services and whose fee was increased by Defendants for reasons not authorized by the contract.

(*Id.* at ¶ 86.)

That same day, Pietoso, Inc. D/B/A Café Napoli also filed suit against the same two Defendants, also asserted breach of contract and declaratory judgment claims and also sought to represent a class defined as:

> All persons and entities in the United States that, pursuant to a Service Agreement or substantially similar contract with Republic or a subsidiary or affiliate, paid a flat fee for waste disposal services and whose fee was increased by Defendants for reasons not authorized by the contract.

(*Pietoso*, Doc. 1 at ¶ 86.)

On March 25, 2019, Defendants filed this motion, seeking to consolidate this case and *Pietoso* before the undersigned, arguing that the cases are factually identical, propose identical classes, and are being litigated by the same counsel on both sides. (Doc. 15.) CIS opposes consolidation, arguing that there are material factual differences that make consolidation improper and prejudicial. (Doc. 18.)

**Legal Standard**

Under Federal Rule of Civil Procedure 42, "actions before the court [that] involve a common question of law or fact" may be: "join[e]d for hearing or trial"; "consolidate[d]"; or otherwise managed "to avoid unnecessary cost or delay." "The Court has broad discretion to order consolidation." *A.O.A. v. Doe Run Res. Corp.*, No. 4:11 CV 44 CDP, 2016 WL 1182631, at *2 (E.D. Mo. Mar. 28, 2016) (citing *Enterprise Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994)). The threshold consolidation inquiry is "whether the proceedings involve a common party and common issues of fact or law." *A.O.A. v. Doe Run Res. Corp.*, No. 4:11 CV 44 CDP, 2016 WL 1182631, at *2 (citing *HBE Corp.*, 135 F.3d at 551). That said, "[t]he mere existence of common issues . . . does not mandate that the cases be joined." *Id.* (citing *Northstar Marine, Inc. v. Huffman*, Nos. 13-0037-WS-C, 14-0205-KD-M, 2014 WL 4167019, at *2 (S.D. Ala. Aug. 21, 2014)).

Because the primary benefit of consolidation is judicial economy, "[c]onsolidation is inappropriate . . . if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998). Moreover, "for convenience, to avoid prejudice, or to expedite and economize, the court may [consolidate cases but] order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." *Id*.

**Discussion**

Defendants assert that these cases "were filed the same day, in the same Court, by the same counsel, and assert the same causes of action against the same defendants and are based upon the same factual predicates." (Doc. 15 at 2.) Defendants also note that both complaints propose the exact same class definition. (Compare Doc. 1 at ¶ 86 with *Pietoso*, Doc. 1 at ¶ 86.) While Plaintiff "is not strictly opposed to [pursuing] both cases before the same Judge" or even "coordinating discovery and other case management schedules" under certain circumstances, it opposes true consolidation on the ground that the cases involve different contracts with materially different terms and that this difference would be prejudicial to class certification if the cases were consolidated. (Doc. 18 at 9-10.)

The Court agrees with CIS that complete consolidation is inappropriate in this case. Beginning with the language of the contracts at issue in both cases, the Court finds that there is a subtle but material difference in terms. Specifically, CIS argues that Defendants unilaterally increased prices for the sole purpose of increasing their profit margins, which is not included in the list of legitimate reasons to raise prices under Plaintiff's contract. (*See* Doc. 1 at ¶ 34.) However, the contract in *Pietoso* apparently gives Defendants broader authority to raise prices, including a right to raise administrative, fuel, and environmental recovery fees "up to the maximum amount allowed by Applicable Law." (*Pietoso*, Doc. 1-1.) In fact, the agreement in

3

*Pietoso* expressly contemplates a "fuel/environmental recovery fee" assessed to the payer on every invoice. (*Id.*) That term does not appear on the service agreement attached to Plaintiff's complaint in this case. (Doc. 1-1.)

This distinction appears significant. In addition to giving rise to a different potential defense—that is, Defendants may argue that their conduct was authorized under the broader language of the *Pietoso* contract—the inconsistencies between the contracts create the potential to significantly complicate the class certification process. A required element of class certification is a showing of commonality among the class members. Fed. R. Civ. P. 23. To the extent their contracts differ, Plaintiff in this case and the plaintiff in *Pietoso* arguably lack commonality. In their briefing, the parties contemplate the potential for multiple subclasses, but the Court finds such a solution inconsistent with the policy of judicial economy underpinning consolidation.

Moreover, the class definitions turn on the content of the contracts: they include persons or entities whose flat fees for Defendants' services were increased *for reasons not authorized by the contract*. (Doc. 1-1 at ¶ 86.) As such, the scope of those class definitions is inextricably linked to the terms of a potential class member's contract. By that measure, the plaintiffs in the two cases at issue are arguably members of different classes because their contracts have different universes of authorized reasons to increase fees.

Finally, while both cases involve the same Defendants and the same legal counsel, they are brought by different class representatives. Another step in the class certification process is an assessment of the adequacy of the proposed class representatives. Fed. R. Civ. P. 23. The Court believes it would be prejudicial to the named plaintiffs in both cases to measure their adequacy together. Put simply, the Court finds that consolidation is not appropriate.

**Conclusion**

For the foregoing reasons, the Court will deny Defendants' motion to consolidate. The Court does believe, based on the filings, that there would be efficiencies in coordinated discovery. The parties have indicated some willingness to pursue this option, therefore the Court will direct that any such agreement be submitted within ten days of the date of this order.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Consolidation (Doc. 15), is **DENIED.**


Dated this 10th day of May, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE