# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CIS COMMUNICATIONS, LLC, individually and on behalf of all others similarly situated, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>REPUBLIC SERVICES, INC., et al., )<br>)<br>Defendants. )<br>) | Case No. 4:19-cv-00389-JAR |

## MEMORANDUM AND ORDER

This matter is before the Court on a Motion to Dismiss Plaintiff's Amended Complaint filed by Defendants Republic Services, Inc. ("Republic") and Allied Services, LLC ("Allied"). (Doc. 37.) Plaintiff CIS Communications, LLC, ("CIS") has responded in opposition (Doc. 37), Defendants replied (Doc. 38), and then filed a Notice of Supplemental Authority (Doc. 39.)

## Background

CIS makes the following allegations in its Amended Complaint (Doc. 26): In 2005, it signed a trash collection and removal contract with Midwest Waste. Midwest Waste is a subsidiary of Defendant Allied and both merged with Republic in 2008. Article VI of the contract authorizes Midwest Waste to unilaterally increase the monthly charge to pass through any increase in an enumerated list of their own costs, such as the price of fuel, increased regulatory and tax liabilities, or the Consumer Price Index. CIS refers to these as "Authorized Service Charge Increases." (Doc. 26 at ¶ 33.) For all increases based on costs not specifically listed, Midwest Waste was required to obtain CIS's consent. CIS calls these "Optional Service Charge Increases." (*Id.* at ¶ 35.)

1

Midwest Waste provided services to CIS for more than twelve years. In that span, the average monthly service charge grew from $44 to $328. Because Midwest Waste never itemized its service charges or expressly asked CIS to consent to any increase, CIS assumed the growing costs were due exclusively to Authorized Service Charge Increases. However, when CIS called in July 2018 to complain about the ever-increasing service charges, Midwest Waste offered to reduce the amount to an average of $55 per month going forward. Reasoning that Midwest Waste would not provide services at below cost, CIS concluded that it was being billed for at least $273 in Optional Service Charge Increases without its consent.

CIS terminated its contract in 2018 and filed this suit on March 1, 2019, alleging breach of contract and seeking a declaratory judgment and damages. (Docs. 1, 26.) Defendants move to dismiss, asserting that Allied is an independent entity for which Republic cannot be held responsible and arguing that CIS failed to state a plausible breach of the contract.

## Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (alteration in original) (citations omitted). "When ruling on a motion to dismiss [under Rule 12(b)(6)], the district court must accept the allegations contained in the complaint as true and all reasonable

inferences from the complaint must be drawn in favor of the nonmoving party." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

## Discussion

Defendants recently filed a Notice of Supplemental Authority pointing the Court to *Pietoso Inc. v. Rebublic Svcs.*, 4:19-cv-00397, 2020 WL 224516 (E.D. Mo. Jan. 15, 2020). The plaintiff in that case alleges nearly identical facts and legal claims against the same defendants, who in turn made the same arguments in support of dismissal. *Id.* In fact, the plaintiff in *Pietoso* and CIS rely on the same authority. *See id.* at *3; (Doc. 37 at 7-8).

The court granted the *Pietoso* defendants' Motion to Dismiss, finding that the plaintiff was aware of the increases, was given sufficient time to investigate before payment was due, and nevertheless consented to the increases by paying the invoices. *Id.* at *2. Because the contract expressly allowed what CIS calls Optional Service Charge Increases with the customer's consent, the court concluded that there was no breach. *Id.*

This Court believes that the same reasoning applies to in this case. Like the plaintiff in *Pietoso*, CIS "received invoices in advance of the due date showing the amounts it would owe for waste removal services for the next month," "[p]ayment for these invoices was not due for approximately twenty days," and "paid the increased rate on the invoices with full knowledge of the increased amount." *Id.* By paying the requested amount each month, CIS "accepted the increased rates from Defendants." *Id.* Because CIS consented to the Optional Service Charge Increases, Defendants did not breach the contract by collecting them.[1]

---

[1] As did the court in *Pietoso*, this Court will not address Defendants' arguments that Republic is not a proper party because it finds that CIS fails to state a claim.

That said, the Court notes that Plaintiff in *Pietoso* has filed a Motion to Alter Judgment. (Doc. 33, *Pietoso*, No. 4:19-cv-00397-RLW.) While this Court believes the reasoning in *Pietoso* is sound, it will grant Defendants' motion but will dismiss Plaintiff's complaint without prejudice.

CIS's declaratory judgment claim necessarily fails as well. Because Defendants were authorized to increase the service charge, Plaintiff is not entitled to a judgment stating that "the price increases were invalid, void, and/or unenforceable as a matter of law," that Defendants may not "continue to attempt to collect payment from Plaintiff and the Class of the unauthorized charges," or that "Defendants must refund to Plaintiff and the Class the unauthorized fees and disgorge all money Defendants unlawfully obtained from Plaintiff and the Class." (Doc. 26 at ¶ 120.)

## Conclusion

For the foregoing reasons, the Court finds that CIS has failed to plead factual content that allows it to reasonably infer that Defendants are liable for breach of contract. *Iqbal*, 556 U.S. 662, 678 (2009).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 37), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff CIS Communications, LLC's Amended Complaint is **DISMISSED without prejudice**.

Dated this 23rd day of March, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE